UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
BUSHIDO CAPITAL MASTER FUND,
L.P., BCMF TRUSTEES, L.L.C.          :     08 Civ. 0146 (LTS)

                                     :
              Plaintiffs,
                                     :
     -against-
                                     :


BIONUTRICS, INC.                     :

              Defendant.             :
-------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Bionutrics, Inc. ("Bionutrics") (now known as Synovic Pharmaceuticals, Inc.), by its attorneys Solomon Pearl Blum Heymann & Stich LLP, submits this Memorandum in Law in support of its motion pursuant to Fed. R. Civ. P. 12 (b)(1) to dismiss this action for lack of subject matter jurisdiction and for such other and further relief as this Court deems just and proper.[1]

### STATEMENT OF FACTS

Plaintiffs, Bushido Capital Master Fund, L.P. (hereinafter "Bushido") and BCMF Trustees, LLC (hereinafter "BCMF") (jointly referred to as "Plaintiffs") seek to enforce a certain Convertible Promissory Note in the original principal amount of

---

[1] Nothing contained herein shall be deemed as a waiver of the defendant's right to contest Plaintiff's claims on their merits or on any other jurisdictional grounds.

1

$500,000 (the "Note"). (See the accompanying Affidavit of David P. Stich sworn to on March 10, 2008[2] at Exhibit A (the "Complaint") at ¶ 1).

Plaintiffs allege that this Court has subject matter jurisdiction over their action based upon parties' diversity of citizenship (See Complaint at ¶ 2). The only allegations in the Complaint related to Plaintiffs' citizenship are the statements that both Plaintiffs were formed in Cayman Islands and have their principal places of business in New York. (See Complaint at ¶ 7 and ¶ 8).

As shown below, these allegations are insufficient to establish that this Court has diversity jurisdiction. Accordingly, Bionutrics moves to dismiss the complaint for lack of subject matter jurisdiction as the diversity of citizenship has not been sufficiently pleaded and established.

## ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THIS ACTION MUST BE DISMISSED

In this action, Plaintiffs seek to enforce the Note. Plaintiffs allege that this Court has subject matter jurisdiction over this action based upon diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) (See Complaint at ¶ 2). Diversity jurisdiction is conferred upon district courts in "civil actions where the matter in controversy exceeds the

---

[2] All references to the affidavit of David P. Stich shall hereinafter be referred to the "Stich Affidavit". In addition, any references to the "Complaint" shall specifically refer to the Complaint of this action, a copy of which is annexed to the Stich Affidavit as Exhibit A.

sum or value of $75,000...and is between citizens of different States." 28 U.S.C. 1332(a)(1). Diversity subject matter jurisdiction mandates complete diversity. "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State". Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 388, 141 L. Ed. 2d 364, 118 S. Ct. 2047 (1998). See also, Salem Trust Co. v Manufacturers' Finance Co., 264 U.S. 182, 189, 68 L. Ed. 628, 44 S Ct 266 (1924) ("Diversity jurisdiction exists if all parties on one side are of citizenship diverse to those on other side").

It is firmly established that diversity of citizenship "should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record." Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Capital, 87 F.3d 44, 47 (2d Cir. 1996); Coons v. United States Trust Co., 2004 U.S. Dist. LEXIS 2056 (S.D.N.Y., 2004) (dismissing the action for failure to adequately alleged the citizenship of either plaintiff.)

Plaintiffs sole allegations in the Complaint related to their citizenship are that both Plaintiffs are "organized and existing under the laws of the Cayman Islands, with [their] principal place of business located at 145 East 57th Street, 11th Floor, New York, NY 10022." Complaint ¶ 7 and ¶ 8. As shown below, such allegations are insufficient for purposes of pleading the citizenship of the Plaintiffs – a limited partnership and a limited liability company – and therefore diversity jurisdiction to maintain this action in this Court.

In this action, BCMF is alleged to be a limited liability company. See Complaint ¶ 8. For purposes of diversity jurisdiction, the citizenship of a limited liability company "is determined by reference to the citizenship of its individual members." Day Village L.P. v. CW Capital, LLC, 2006 U.S. Dist. LEXIS 30630, 1-2 (S.D.N.Y. 2006) (wherein this Court dismissed the action for failure of the plaintiff to plead the citizenship of each members of the defendant limited liability company.) A limited liability company "is a citizen of every state of which any of its members is a citizen". Krause v. Forex Exch. Mkt., Inc., 356 F. Supp. 2d 332, 336 (S.D.N.Y., 2005); see also, Ferrara Bakery & Cafe, Inc. v. Colavita Pasta & Olive Oil Corp., 1999 U.S. Dist. LEXIS 2872 (S.D.N.Y., 1999).

The Complaint fails to allege the citizenship of any of the members of BCMF, let alone all of them. As such, the Complaint is insufficient to establish diversity jurisdiction and must be dismissed. See Day Village, supra, Chapmanworks, LLC v. Travelers Indemnity Co., 2004 U.S.Dist. LEXIS 788 (S.D.N.Y. 2004).

In this action plaintiff Bushido is alleged to be a limited partnership. Complaint ¶ 7.[3] For purposes of diversity jurisdiction, "limited partnerships have the citizenship of each of its general and limited partners". C. T. Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990); Buti v. Impressa Perosa, S.R.L., 935 F. Supp. 458 (S.D.N.Y., 1996). The citizenship of a partnership under 28 U.S.C.S. § 1332 is that of partners, and partnership has no citizenship separate and distinct from its partners. Eastern Metals Corp. v. Martin, 191 F Supp 245, 4 FR Serv 2d 390 (S.D.N.Y., 1960).

---

[3] In the Complaint, the Plaintiffs refer to Bushido as being "BUSHIDO CAPITAL MASTER FUND, INC" instead of "L.P." See Complaint, ¶ 15. Given the caption of this case and the other allegations of the Complaint, we presume that this is a typographical error.

Here, the Complaint fails to allege the citizenship of any of the general and limited partners of Bushido, and as such is insufficient to establish diversity jurisdiction and must be dismissed.[4]

---

[4] Plaintiffs' additionally allege that this Court has supplemental jurisdiction over their related claims for attorney's fees, costs and expenses pursuant to 28 U.S.C. § 1367(a). (See Complaint at ¶ 3). Briefly, §1367(a) grants district courts that have original jurisdiction over an action the power to exercise supplemental jurisdiction over all claims that are part of the same case and controversy. However, upon dismissal of the main state claim for lack of original diversity jurisdiction, the court cannot have supplemental jurisdiction over any related state claims and they should be dismissed.

## CONCLUSION

Accordingly, this Court should dismiss the complaint for lack of subject matter jurisdiction as the diversity of citizenship of either plaintiff has not been sufficiently pleaded. "Subject matter jurisdiction is an unwaivable sine qua non for the exercise of federal judicial power, (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Day Village L.P. v. CW Capital, LLC, supra, at 1-2.

For the foregoing reasons, Defendant Bionutrics requests that this Court grant its motion to dismiss the complaint and enter an order pursuant to Fed. R. Civ. P. 12(b)(1) dismissing the complaint in its entirety against both Plaintiffs.

Dated: New York, New York
      March 10, 2008

    SOLOMON PEARL BLUM HEYMANN & STICH LLP

    By: _____
    David P. Stich (DPS #9096)
    40 Wall Street-35th Floor
    New York, New York 10005
    Telephone: (212) 267-7600
    Telecopier: (212) 267-2030
    Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
BUSHIDO CAPITAL MASTER FUND, :
L.P., BCMF TRUSTEES, L.L.C.,
:
               Plaintiffs,
: 08 Civ. 0146 (LTS)
   -against-
: AFFIDAVIT OF SERVICE
BIONUTRICS, INC.,
:
               Defendant.
:
------------------------------------X
STATE OF NEW YORK  )
                     ) ss.:
COUNTY OF NEW YORK  )

YESENIA ZEA, being duly sworn, hereby deposes and says:

    1.    I am over eighteen years of age, not a party to this action and reside in Queens, New York.

    2.    On March 10, 2008, I served one copy of the annexed DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, by depositing the same, enclosed in a securely sealed first class postage paid envelope, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York addressed to:

    Crowell & Moring LLP
    Attorneys for Plaintiffs
    Attn.: Peter R. Ginsberg
    153 East 53rd Street, 31st Floor
    New York, New York 10022
    Telephone: (212) 223-4000

_____
Yesenia Zea

Sworn to before me this
11th day of March, 2008

_____
Notary Public

DAVID P. STICH
Notary Public, State Of New York
No. 02ST4981028
Qualified In New York County
Commission Expires May 6, 20_10_