UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BUSHIDO CAPITAL MASTER FUND,
L.P.,                                                        :       08 Civ. 0146 (LTS)

                                                             :

                        Plaintiff,

                                                             :

            -against-

                                                             :

BIONUTRICS, INC.                                             :

                        Defendant.                           :
- - - - - - - - - - - - - - - - - - - - - - - - - - -X


## DEFENDANT'S MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Bionutrics, Inc. ("Bionutrics") (now known as Synovics Pharmaceuticals,

Inc.), by its attorneys Solomon Pearl Blum Heymann & Stich LLP, submits this

Memorandum in Law in support of its motion pursuant to Fed. R. Civ. P. 12 (b)(1) to

dismiss this action for lack of subject matter jurisdiction and for such other and further

relief as this Court deems just and proper.[1]


## STATEMENT OF FACTS

Plaintiff, Bushido Capital Master Fund, L.P. (hereinafter "Bushido") seeks

to enforce a certain Convertible Promissory Note in the original principal amount of

---

[1] Nothing contained herein shall be deemed as a waiver of the defendant's right to contest Plaintiff's claims
on their merits or on any other jurisdictional grounds.

$500,000 (the "Note"). (See the accompanying Affidavit of David P. Stich sworn to on April ___, 2008[2] at Exhibit A (the "Amended Complaint") at ¶ 1). [3]

Bushido alleges that this Court has subject matter jurisdiction over its action based upon parties' complete diversity of citizenship under 28 U.S.C. §1332. (See Amended Complaint at ¶ 2). The only allegations in the Amended Complaint that relate to Bushido's citizenship are the statements that: (i) Bushido is a limited partnership formed in Cayman Islands, having its principal places of business in New York (See Complaint at ¶ 6); (ii) that it has a sole general partner, Bushido Capital Partners, Ltd., a Cayman Islands corporation having its principal place of business in New York; and (iii) that Bushido has two limited partners -- Bushido (US) Private Investments, LP, a Delaware limited partnership with its place of business in Delaware, and Bushido (Offshore) Private Investments, LP, a Cayman Islands limited partnership with its principal place of business in the Cayman Islands.

As shown below, Bushido's allegations are insufficient to establish that this Court has diversity jurisdiction because it has failed to allege the citizenship of all of the individuals or corporations that are partners or members of its multi-tiered structure. Accordingly, Bionutrics moves to dismiss the complaint for lack of subject matter jurisdiction as the diversity of citizenship has not been sufficiently pleaded and established.

---

[2] All references to the affidavit of David P. Stich shall hereinafter be referred to the "Stich Affidavit". In addition, any references to the "Complaint" shall specifically refer to the Complaint of this action, a copy of which is annexed to the Stich Affidavit as Exhibit A.

[3] Plaintiff filed the Amended Complaint in response to the assertion by Bionutrics that the Complaint failed to sufficiently plead diversity jurisdiction, for failure to completely plead the citizenship of the then two plaintiffs. The parties stipulated that Bushido could file the Amended Complaint.

## ARGUMENT

### THIS COURT LACKS SUBJECT MATTER JURISDICTION
### AND THIS ACTION MUST BE DISMISSED

In this action, Plaintiff seek to enforce the Note. Plaintiff alleges that this Court has subject matter jurisdiction over this action based upon diversity jurisdiction pursuant to 28 U.S.C. §1332. (See Complaint at ¶ 2).

It is axiomatic that diversity of citizenship should be distinctly and positively averred in the pleadings. See Leveraged Leasing Admin. Corp. ex rel. Dweck v. Pacificorp Capital, 87 F.3d 44, 47 (2d Cir. 1996); Coons v. United States Trust Co., 2004 U.S. Dist. LEXIS 2056 (S.D.N.Y., 2004) [a copy of which is annexed hereto as Exhibit A] (dismissing the action for failure to adequately allege the citizenship of either plaintiff.)

Bushido's allegations in the Complaint are that it is a Cayman Islands entity with its main office located at 145 East 57th Street, 11th Floor, New York, New York. See Amended Complaint ¶ 7. Bushido alleges that its sole general partner, Bushido Capital Partners, Ltd., is a Cayman Islands corporation with its principal place of business also located at 145 East 57th Street, 11th Floor, New York, New York. Bushido also alleges that it has two limited partners: (i) Bushido (US) Private Investments, LP, a limited partnership formed under the laws of Delaware with its principal place of business in Delaware; and (ii) Bushido (Offshore) Private Investments, LP, a limited partnership formed under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.

As discussed below, such allegations are insufficient for purposes of pleading the citizenship of Bushido – a limited partnership having a multi-tiered ownership structure

made up of other limited partnerships – and therefore diversity jurisdiction to maintain this action in this Court.

Courts have consistently required, when faced with a multi-tiered party, that the proponent of this Court's jurisdiction plead the identity and citizenship of beneficial interests through each tier of ownership to individuals or corporations.   In Cerberus Partners, L.P. v. Gadsby & Hannah, 976 F. Supp. 119 (Dist. R.I. 1997), the defendant removed the action and plaintiff moved to remand.  The court was faced with a three tier limited partnership in that plaintiff Goldman Sachs Credit Partners, LP (the first tier) was comprised of a general partnership, GSEM Partners, and a limited partner called GS Group, (both forming the second tier) itself a limited partnership each of which was comprised of individual and corporate general and limited partners, the third tier.  The question presented was whether the four non-diverse members of the third tier destroyed diversity.   In granting the motion for remand, that court held that the diversity of citizenship of the third tier, the ultimate individual and corporate owners, was the deciding factor, following the existing precedent stating

> "At least three other district courts have applied Carden [494 U.S. 185, 110 S.Ct 1015 (1989)] to multi-tiered partnerships. In one instance, the court rejected defendants attempt to distinguish Carden based on plaintiff's two tiered structure and followed Carden by considering the citizenship of all of the partners.   More recently, another court noted that, while a tiered partnership was not expressly considered by Cardin, 'there is nothing in Carden to indicate that its holding extends only to certain levels of limited partnerships."

Id. at 123 [citations omitted].

Other Circuit Courts and District Courts have followed the rule.  See Guaranty National Title Co. Inc. v. J.E.G. Associates, 101 F.3d 57, 59 (7th Cir. 1996) (vacating the judgment of the district court and remanding with instructions to dismiss for want of jurisdiction stating, with respect to the multi-tiered parties "we need to know the name and citizenship(s) of its general and limited partners."); 51 Associates Limited Partnership v. Associates Business Telephone Systems Corp., 1998 U.S. APP. LEXIS 32727 (7th Cir. 1998) [a copy of which is annexed hereto as Exhibit B]; Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002); Preferred Merchant Hood, LLC v. Family Dollar, Inc., 2006 U.S. Dist. LEXIS 23658 (Dist. of New Hampshire 2006) [a copy of which is annexed hereto as Exhibit C]; Perreault v. Prime Hospitality Group, 2006 U.S. Dist. LEXIS 67755 (S. D. Indiana 2006) [a copy of which is annexed hereto as Exhibit D].

Similarly, courts have dismissed or remanded actions (sometimes subject to repleading) for failure to properly plead the citizenships of all of the multi-tiered partnership members.  In Masion v. Liberty Mutual Ins. Co., 2006 U.S. Dist. LEXIS 40061 (W.D. Lousiana 2006) [a copy of which is annexed hereto as Exhibit E], the court ordered the case remanded unless the defendants filed an amended notice of removal to ensure the presence of diversity jurisdiction, that identified all relevant partners or members and specifically alleged the citizenship of each.  In so directing, that court held that "the lower courts have consistently held that when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction." Id. at 2-3.  [citations omitted.]  The Masion court also stated "Tracing the layers of

citizenship is often complex in multi-tiered entities, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities. The courts have also declined to accept a different rule for limited partnerships which have thousands of limited partners who acquired their interest through public trading." Id. at 3. [citations omitted.]

The result was the same in Moran v. Gulf South Pipeline Co., L.P., 2007 U.S. Dist. 5789 (W.D. Lousiana 2007) [a copy of which is annexed hereto as Exhibit F]. As in Maison, the court required that the removing defendant, a multi-tiered limited partnership, face remand unless it served an amended notice of removal that "identifies all relevant partners and members of the relevant entities and specifically alleges the citizenship of each." Id. at 4.

In an action filed originally in the federal court, Lewis v. Allied Bronze LLC, 2007 U.S. Dist. 32287 (E.D.N.Y. 2007) [a copy of which is annexed hereto as Exhibit G], that court dismissed the action due to the plaintiff's inability to plead the ultimate citizenship of the defendant. In that case, the court stated

> "plaintiff has to allege the citizenship of each of the members of this defendant. If the members of this defendant are general or limited partnerships, then each of their general and limited partners' citizenship must be set forth in the complaint. If those general or limited partners are themselves general or limited partnerships, then plaintiff must in turn allege citizenship as to each of those second-tier partners. This process continues up the chain of ownership until plaintiff has defined the citizenship of every individual and corporation that has a direct or indirect equitable interest in this defendant."

Id. at 3. [emphasis added.]

The proponent of jurisdiction, here Bushido, has the burden to show jurisdiction. See 51 Associates, supra. In this case, Bushido has failed to allege, as it must, the citizenship of every individual or corporation that has a direct or indirect equitable interest in Bushido. In its Amended Complaint, Bushido stopped at the second tier which, under the cases cited, is insufficient to plead the subject matter jurisdiction of this Court. Its averments in the Amended Complaint about the two limited partners – that they are limited liability companies organized in Delaware and the Cayman Islands with their offices in those places – have been found insufficient under similar circumstances. See Guaranty National, supra, at 59, stating: "[t]here is no such thing as "a [state name] limited partnership" for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships."

Bushido cannot claim that this information about the identity and citizenship of Bushido's ultimate beneficial owners is somehow confidential. This issue was addressed in Perreault, supra. In that case, the defendants asked that their information about the individual partners be sealed as private business information. On this point, that court stated "[t]he dispositive documents in a court become part of the public record unless they fall into just a handful of categories: genuine trade secrets, legally privileged information, and information required by statute to be kept confidential." Id. at 14. Going on, with respect to the identity and citizenship of parties, the court stated "The idea that the citizenships of the persons and entities relevant to the court's very jurisdiction should be kept confidential has no support. And the Seventh Circuit has cautioned against trying to keep such information secret: . . ." Id. at 15. [citations omitted.]

In this action, Bushido has twice had the opportunity to plead subject matter jurisdiction -- in its original complaint and in the Amended Complaint on the agreement of Bionutrics.  As shown above, it has failed to do so.  Under such circumstances, dismissal is warranted.  See Preferred Merchant Hood supra. at 4 ("Family Dollar and its lawyers have now had two chances to perform the task, the second accompanied by the court's explicit instructions on how to determine the citizenship of unincorporated associations.  Their continued failure to do so warrants the determination that subject matter jurisdiction does not exist."); Guaranty National, supra at 5. ("Failure in one round of supplemental filings leads us to doubt that a second would be any more successful.").

Accordingly, it is respectfully requested that this action be dismissed without the opportunity to re-plead.

## CONCLUSION

This Court should dismiss the complaint for lack of subject matter jurisdiction as the diversity of citizenship of Bushido has not been sufficiently pleaded. "Subject matter jurisdiction is an unwaivable <u>sine</u> <u>qua</u> <u>non</u> for the exercise of federal judicial power, (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." <u>Day Village L.P. v. CW Capital, LLC</u>, 2006 U.S. Dist. LEXIS 30630 (S.D.N.Y. 2006) at 1-2 [a copy of which is annexed hereto as Exhibit H].

For the foregoing reasons, Defendant Bionutrics requests that this Court grant its motion to dismiss the complaint and enter an order pursuant to Fed. R. Civ. P. 12(b)(1) dismissing the Amended Complaint in its entirety without the opportunity to re-plead.

Dated: New York, New York
April 4, 2008

Respectfully submitted,

SOLOMON PEARL BLUM HEYMANN & STICH LLP

By: _____
David P. Stich (DPS #9096)
40 Wall Street-35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Telecopier: (212) 267-2030
Attorneys for Defendant

EXHIBIT A

LEXSEE 2004 U.S. DIST. LEXIS 2056

**RICHARD B. COONS, Plaintiff, -against- UNITED STATES TRUST COMPANY OF NEW YORK, Defendant.**

**04 Civ. 0439 (LAK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2004 U.S. Dist. LEXIS 2056*

**February 13, 2004, Decided**

**PRIOR HISTORY:** *Coons v. United States Trust Co., 2004 U.S. Dist. LEXIS 868 (S.D.N.Y., Jan. 27, 2004)*

**DISPOSITION:**    Action dismissed.

**COUNSEL:** For Richard B. Coons, Plaintiff: Marc Owen Sheridan, Wechsler & Cohen, LLP, New York, NY. David B. Wechsler, Wechsler, Bursky & Cohen, L.L.P., New York, NY.

**JUDGES:** [*1] Lewis A. Kaplan, United States District Judge.

**OPINION BY:** Lewis A. Kaplan

**OPINION**

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

The complaint in this purported diversity action failed adequately to allege the citizenship either of the plaintiff, *see Sun Printing & Publishing Ass'n v. Edwards, 194 U.S. 377, 48 L. Ed. 1027, 24 S. Ct. 696 (1904)*; *Leveraged Leasing Administration Corp. v. Pacificorp Capital, Inc., 87 F.3d 44 (2d Cir. 1996)*; *Depradine v. Nissan Infiniti LT, 2000 U.S. Dist. LEXIS 13042, No. 00 Civ. 6686 (LAK), 2000 WL 1280971, *1 (S.D.N.Y. Sept. 11, 2000)*, or the defendant, *see 28 U.S.C. § 1332(c)(1)*. The Court therefore issued an order stating that the ac-

tion would be dismissed absent the filing of an amended complaint curing these deficiencies.

Plaintiff has filed an amended complaint which adequately alleges that plaintiff is a citizen of Connecticut. With respect to the defendant, it alleges only that it has its principal place of business in New York and "thus, pursuant to *28 U.S.C. § 1332*, ... is a citizen of the State of New York." Am. Cpt. P 2. That of course is true. But *28 U.S.C. § 1332(c)(1)* [*2] - the statute the Court cited in the prior order states that it is a citizen also of the state in which it is incorporated. The amended complaint therefore fails adequately to allege the citizenship of the defendant and the requisite complete diversity between plaintiff and defendant.

Alleging diversity jurisdiction is not particularly difficult. One need only read *28 U.S.C. § 1332*, determine the material facts, and plug those facts into Form 2(a) of the Federal Rules of Civil Procedure. Here, despite the relevant authorities and the specific statute having been called to counsel's attention by the Court, plaintiff still has not adequately alleged jurisdiction. Accordingly, the action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: February 13, 2004

Lewis A. Kaplan

United States District Judge

EXHIBIT B

LEXSEE 1998 U.S. APP. LEXIS 32727

**51 ASSOCIATES LIMITED PARTNERSHIP, Plaintiff-Appellee, v. ASSOCIATED BUSINESS TELEPHONE SYSTEMS CORPORATION, a New Jersey Corporation, Defendant-Appellant.**

No. 98-2547

UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

*1998 U.S. App. LEXIS 32727*

**November 13, 1998, Submitted**
**December 28, 1998, Decided**

**NOTICE:** [*1] RULES OF THE SEVENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1998 U.S. App. LEXIS 36024.*

**PRIOR HISTORY:** Appeal from the United States District Court for the Central District of Illinois. No. 97 C 2277. Harold A. Baker, Judge.

**DISPOSITION:** Judgment vacated, and case remanded to the district court with instructions.

**COUNSEL:** For 51 Associates: Tinney, Sarah B.

For Assoc Business Tele: Reinhard, Rawn H.

**JUDGES:** Before Hon. JOEL M. FLAUM, Circuit Judge, Hon. FRANK H. EASTERBROOK, Circuit Judge, Hon. ILANA DIAMOND ROVNER, Circuit Judge.

**OPINION**

**Order**

The court called for jurisdictional memoranda in this case. After further review, we conclude that the judgment from which the appeal was taken was a final decision, but that subject-matter jurisdiction has not been established.

Plaintiff is a limited partnership, which has the citizenship of every partner, general and limited (and every partner of every partner). *Carden v. Arkoma Associates, 494 U.S. 185, 108 L. Ed. 2d 157, 110 S. Ct. 1015 (1990)*; [*2] *Guaranty National Title Co. v. J.E.G. Associates, 101 F.3d 57 (7th Cir. 1996)*; *America's Best Inns, Inc. v. Best Inns of Abilene, L.P., 980 F.2d 1072 (7th Cir. 1992)*. Defendant's brief represents that it does not know the identities, let alone the citizenships, of plaintiff's partners.

Defendant's memorandum, filed in response to our order, likewise professes ignorance of the partners' identities and citizenships. Defendant apparently believes that this information is irrelevant, as long as the adverse party does not contest jurisdiction. This is not so; litigants cannot stipulate to jurisdiction. The record must affirmatively establish the citizenship of every party, and because defendant is the one invoking federal jurisdiction (having removed the case from state court) it is defendant that bears the burden of establishing jurisdiction. *Carden, Guaranty National Title*, and *America's Best Inn*--none of which defendant mentions, even though each was cited in this court's briefing order-- show that it is essential to put into the record the identity and citizenship of each of plaintiff's partners. Defendant had the ability to do so under [*3] *28 U.S.C. § 1653*. That has not been done, however, so jurisdiction has not been established. Moreover,

1998 U.S. App. LEXIS 32727, *

because defendant should have ascertained the jurisdictional facts before removing the case, it would be altogether inappropriate for this court to require plaintiff to supply the missing details now. As we observed in *Guaranty National Title*, a proponent of jurisdiction who fails to establish citizenship after two chances (one in the district court, and another in the court of appeals), cannot ask for a third or demand that the court shift the burden to its adversary.

The judgment is vacated, and the case is remanded to the district court with instructions to remand the case to the state court from which it was removed.

**EXHIBIT C**

LEXSEE 2006 US DIST LEXIS 23658

**Preferred Merchant Hood, LLC v. Family Dollar, Inc.**

**Civil No. 06-cv-067-JD**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

*2006 U.S. Dist. LEXIS 23658*

**April 24, 2006, Decided**

**NOTICE:**    [*1] NOT FOR PUBLICATION

**PRIOR HISTORY:** *Preferred Merch. Hood, LLC v. Family Dollar, Inc., 2006 U.S. Dist. LEXIS 18538 (D.N.H., Apr. 7, 2006)*

**COUNSEL:** For Preferred Merchant Hood, LLC, Plaintiff: James P. Harris, Sheehan Phinney Bass & Green, Manchester, NH.

For Family Dollar, Inc., Defendant: Douglas M. Watson, Watson & Watson, PC, Newburyport, MA.; Vincent J. Pisegna, Krokidas & Bluestein LLP, Boston, MA, US.

**JUDGES:** Joseph A. DiClerico, Jr., United States District Judge.

**OPINION BY:** Joseph A. DiClerico, Jr.

**OPINION**

*ORDER*

Preferred Merchant Hood, LLC, a landlord, commenced a possessory action against its tenant, Family Dollar, Inc., in the Derry District Court pursuant to *New Hampshire Revised Statutes Annotated ("RSA") 540:13*. After the state court scheduled a hearing on the merits, to take place February 23, 2006, Family Dollar removed the case to this court, invoking its diversity jurisdiction. Preferred Merchant then moved to remand for lack of subject matter jurisdiction, arguing, *inter alia,* that the case

fails to satisfy the amount in controversy requirement. Family Dollar objected to the remand motion.

This court then issued a procedural order directing Family Dollar to "file an amended notice of removal setting forth the citizenship of each of the parties for purposes of [*2] diversity jurisdiction . . . ." Proc. Order at 2. The court ordered Family Dollar to make this filing because its original notice of removal stated that simply that "this Court has original jurisdiction over this case because the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest or costs, and is between citizens of different states," without alleging the citizenship of either party. Not. Removal P 4. In its order, the court also noted that "for purposes of diversity jurisdiction, a limited liability company (like Preferred Merchant) has the citizenship of each of its members." Proc. Order at 1-2 (citing *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006))*.

Family Dollar has since filed an amended notice of removal stating that "Preferred Merchant is a Massachusetts limited liability company with two members: Merchant Hood LLC (a Massachusetts limited liability company) and First Merchants Group LP (a Massachusetts limited partnership). Preferred Merchant is thus a citizen of Massachusetts." Am. Not. Removal P 2. But the phrase "Massachusetts limited liability company" is meaningless [*3] to the jurisdictional inquiry, because, again, "the citizenship of a limited liability company is determined by the citizenship of all of its mem-

bers." *Pramco, 435 F.3d at 54.* Likewise, as the First Circuit also noted in *Pramco,* "the citizenship of [a] . . . partnership . . . is determined by the citizenship of all of its members." *Id.* (citing *Carden v. Arkoma Assoc., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)).*

Thus, in *Pramco,* the circuit ruled that the jurisdictional allegation that the plaintiff was "a limited liability company, organized under the laws of Delaware, with its principal place of business in New York" was "insufficient to establish the existence of complete diversity." *Id.* Despite this court's effort to expedite the jurisdictional determination by bringing *Pramco* to the parties' attention in the procedural order, Family Dollar has responded to that order with a jurisdictional allegation identical to the one found insufficient by the First Circuit in that case. As the Seventh Circuit has put it, "there is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction," *Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996),* [*4] or, by like token, "a [state name] limited liability company." Such allegations, then, do nothing to inform the jurisdictional inquiry. Instead, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002).*

Family Dollar and its lawyers have now had two chances to perform this task, the second accompanied by the court's explicit instructions on how to determine the citizenship of unincorporated associations. Their continued failure to do so warrants the determination that subject matter jurisdiction does not exist. *Guaranty Nat'l Title Co., 101 F.3d at 59.* "Litigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear." *Id.* Indeed, the court warned Family Dollar in the procedural order that remand would follow if it failed "to file an amended notice of removal setting forth the citizenship of each of the parties for purposes of diversity [*5] jurisdiction." Proc. Order at 2. The case is therefore remanded to the Derry District Court for lack of subject matter jurisdiction pursuant to *28 U.S.C. § 1447(c).*

Finally, in its motion for remand, Preferred Merchant asks for an order requiring Family Dollar to pay its attorneys' fees and costs incurred in connection with the motion on the ground that "removal was improper." Mot. P 4. Preferred Merchant argues that Family Dollar's "true purpose" in removing the case in the absence of subject matter jurisdiction was to delay the hearing on the merits scheduled in the Derry District Court, so "remanding this matter . . . without awarding Preferred Motion its costs and fees would only reward Family Dollar for its stall tactic." Mem. Law Supp. Mot. Remand P 29. Though Family Dollar objected to remand in both its original opposition to the motion and its subsequent sur-reply, neither filing addressed Preferred Merchant's request for fees and costs.

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *28 U.S.C. § 1447(c).* The Supreme Court [*6] held last term that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).* The Court also noted, in a passage with particular relevance to this case, that a party's "failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

Here, the court determines that Family Dollar lacked an objectively reasonable basis for removing this case. Indeed, as just discussed, Family Dollar either still does not know or is unwilling to say whether the parties are in fact diverse. Furthermore, as the Supreme Court explained in *Martin,* "awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purposes of prolonging litigation, while not undermining Congress's basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *126 S. Ct. at 711.* Again, Family Dollar has made no effort to satisfy the test for diversity jurisdiction here; this failure, [*7] combined with the fact that removal occurred just over a week before a scheduled hearing in the state court, amply support the inference that the purpose of that tactic was to delay the resolution of this matter.

Preferred Merchant is therefore entitled to collect its costs and attorneys' fees incurred as a result of the removal from Family Dollar. To that end, if Preferred Merchant wishes to pursue those expenses, it shall file a request for costs and fees within twenty days of the date of this order in accordance with Local Rule 54.1. Family Dollar will then have an opportunity to respond to any request pursuant to section (c) of the rule.

*Conclusion*

For the foregoing reasons, this case is REMANDED to the Derry District Court for lack of subject matter jurisdiction pursuant to *28 U.S.C. § 1447(c)*. The court also determines that Preferred Merchant is entitled to its attorneys' fees and costs incurred as a result of the removal. Preferred Merchant's motion for remand (document no. 7) is therefore allowed to the extent it seeks fees and costs; the motion is otherwise TERMINATED. Family Dollar's motion for leave to file a sur-reply (document no. 23) is [*8] also TERMINATED. This court's order of April 6, 2006, granting Family Dollar's motion for an extension of time to respond to the complaint (document no. 21), is VACATED.

SO ORDERED.

Joseph A. DiClerico, Jr.

United States District Judge

April 24, 2006

EXHIBIT D

LEXSEE 2006 US DIST LEXIS 67755

**ROBERT PERREAULT and HEIDI PERREAULT, Plaintiffs, v. PRIME HOSPITALITY GROUP, a Global Hyatt Affiliate doing business as AMERISUITES, Defendant. RAYMOND WILLIAMS and DEBRA WILLIAMS, Plaintiffs, v. PRIME HOSPITALITY GROUP, a Global Hyatt Affiliate doing business as AMERISUITES, Defendant.**

**CASE NO. 1:06-cv-1099-DFH-WTL, CASE NO. 1:06-cv-1100-DFH-WTL**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

*2006 U.S. Dist. LEXIS 67755*

**September 8, 2006, Decided**

**COUNSEL:** [*1] For ROBERT PERREAULT, HEIDI PERREAULT, Plaintiffs: Jill Dewig Wesch, OLSEN WHITE HAMBIDGE LLP, Evansville, IN; Timothy J. Hambidge, OLSEN WHITE HAMBIDGE & WILLIAMS, Evansville, IN.

For PRIME HOSPITALITY GROUP, a Global Hyatt Affiliate doing business as AMERISUITES, Defendant: James M. Hinshaw, BINGHAM MCHALE LLP, Indianapolis, IN; Sonia S. Chen, BINGHAM MCHALE, Indianapolis, IN.

For RAYMOND WILLIAMS, DEBRA WILLIAMS, Plaintiffs: Jill Dewig Wesch, OLSEN WHITE HAMBIDGE LLP, Evansville, IN; Timothy J. Hambidge, OLSEN WHITE HAMBIDGE & WILLIAMS, Evansville, IN.

**JUDGES:** DAVID F. HAMILTON, JUDGE.

**OPINION BY:** DAVID F. HAMILTON

**OPINION**

ENTRY ORDERING REMANDS

The issue in this case is the determination, for purposes of federal diversity jurisdiction under *28 U.S.C. § 1332*, of the relevant citizenships of a limited liability company and seven limited partnerships that are its members. As explained below, the court declines the defendant's invitation to depart from controlling precedent and to adopt a new and vague standard governing the court's jurisdiction. Complete diversity of citizenship is lacking, so the court remands this action to the state court from which it was removed.

[*2] *The Cases and the Parties*

Plaintiffs Robert Perreault and Heidi Perreault filed a negligence complaint in state court alleging that Mr. Perreault was injured by carbon monoxide poisoning when he stayed at an Amerisuites hotel in Indianapolis on June 9, 2004. The Perreaults are citizens of Missouri. Plaintiffs Raymond Williams and Debra Williams filed a nearly identical action alleging that Mr. Williams was a guest in the same hotel and was injured in the same incident. The Williamses are citizens of Rhode Island.

The complaints named as the defendant "Prime Hospitality Group d/b/a Amerisuites, a Global Hyatt Affiliate." The defendant removed the cases to this court on the basis of diversity jurisdiction. Plaintiffs had submitted settlement demands of several million dollars, thus establishing that the jurisdictional amount was in controversy in each case.

The defendant filed papers with this court stating that Prime Hospitality Corporation had owned the hotel on June 9, 2004, but that the corporation

2006 U.S. Dist. LEXIS 67755, *

no longer existed. The corporation had merged with and into BREP IV Hotel Acquisition, LLC on October 8, 2004, which then changed its name to Prime Hospitality, LLC. Prime Hospitality, [*3] LLC later changed its name to WIH Hotels, LLC. All of these entities were organized under Delaware law and had their principal places of business in New Jersey.

On July 24, 2006, the court issued an order to defendant to show cause no later than August 11, 2006 why these actions should not be remanded for lack of diverse citizenship because the defendant's papers did not properly show its citizenship(s). The order cited *Cosgrove v. Bartolotta, 150 F.3d 729 (7th Cir. 1998)*, in which the Seventh Circuit concluded that a limited liability company should be treated like a partnership for diversity jurisdiction purposes, so that it takes on the citizenship(s) of all of its members.

Defendant responded with amended notices of removal stating that ownership of BREP IV Hotel Acquisition, LLC, Prime Hospitality, LLC, and WIH Hotels, LLC has remained consistent. Defendant reported that it has been owned by "a collection of real estate limited partnerships, each of which [is] owned by hundreds of investors -- none of whom have any active management role in these entities, but all of whom are merely 'passive' investors." The amended notices of removal identified seven limited [*4] partnerships formed under Delaware law with their principal places of business in New York as the owners. The amended notices of removal then named the "directors" of those seven limited partnerships as three individuals: John Z. Kukral, Gary M. Sumers, and Jonathan D. Gray. The amended notices of removal also identified the officers of those seven limited partnerships as four individuals: Jonathan D. Gray, William J. Stein, Dennis J. McDonagh, and Alan Miyasaki. The amended notices of removal asserted that none of the officers or directors are citizens of Indiana. The amended notices of removal argued that the court should distinguish *Cosgrove* on its facts and should focus on the citizenships only of those persons with some degree of control over the affairs of the business. The court responded by giving defendant two more weeks to investigate further the citizenships of the partners in the limited part-

nerships that are members of the limited liability company.

Defendant then filed its second amended notices of removal in each case. Those documents identify a total of 129 institutional and/or individual partners in the seven limited partnerships that are members of the limited [*5] liability company. Many of those 129 investors are in turn owned by hundreds of other institutional and/or individual investors, some of which are still more limited liability companies and limited partnerships (as well as some trusts, charitable foundations, and universities).

Defendant has conceded that "at least one of 129 investors and/or their investors is a citizen of either Indiana or Missouri" in the *Perreault* case, and of either Indiana or Rhode Island in the *Williams* case. If defendant is deemed a citizen of Indiana, then *28 U.S.C. § 1441(b)* bars it from properly removing the cases based on diversity. If defendant is deemed a citizen of Missouri, then jurisdiction would be lacking in the *Perreault* case; likewise in the *Williams* case if defendant is deemed a citizen of Rhode Island.

## Discussion

The Seventh Circuit has made it crystal clear that the court must consider the citizenships of all the members of the defendant limited liability company, through the real estate limited partnerships, through all the layers of ownership until we reach only individual human beings and corporations.

In *Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)*, [*6] the Seventh Circuit held that a limited liability company should be treated like a partnership for diversity jurisdiction purposes. The Supreme Court has held squarely that a limited partnership has the citizenship(s) of each of its general and limited partners. *Carden v. Arkoma Assoc., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)* (rejecting alternative argument that only general partners' citizenships should be considered). The Seventh Circuit has often applied these two general rules to both limited liability companies and limited partnerships: "Thus, we have explained that 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" *Hart*

2006 U.S. Dist. LEXIS 67755, *

*v. Terminex International*, 336 F.3d 541, 543 (7th Cir. 2003), quoting *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); accord, *e.g.*, *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (ordering dismissal for lack of jurisdiction and imposing sanctions on counsel).

Earlier this year, the Seventh Circuit gave these instructions, which apply here:

> The [*7] citizenship of a limited liability company is that of its members, see *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998), and its members may include partnerships, corporations, and other entities that have multiple citizenships. See *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.

*Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006); accord, *Mutual Assignment and Indemnification Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) ("Lind-Waldock is a limited liability company, which means that it is a citizen of every state of which any member is a citizen; this may need to be traced through multiple levels if any of its members is itself a partnership or LLC.").

Under these principles, the court must remand both the *Perreault* and *Williams* cases because the defendant is a citizen of Indiana (the forum state) and thus could not remove, and/or because the defendant is also a citizen of the plaintiffs' states of citizenship.

To avoid this result, defendant [*8] relies on *Navarro Savings Association v. Lee*, 446 U.S. 458, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980). The plaintiffs in *Navarro Savings* were the eight trustees of a Massachusetts business trust. All eight were human beings who were citizens of Massachusetts. The defendant was a citizen of Texas. The shareholders of the business trust included some Texas citizens. The issue was whether the citizenship of the business trust would be governed by the citizenships of its trustees or of its shareholders. The Supreme Court held that the trustees' citizenships controlled because the trustees had title to and controlled the assets in question. 446 U.S. at 465. "For more than 150 years, the law has permitted trustees who meet this standard to sue in their own right, without regard to the citizenship of the trust beneficiaries. We find no reason to forsake that principle today." *Id.* at 465-66.

In this case, defendant draws from *Navarro Savings* the teaching that the courts should determine citizenship by identifying the real parties in interest, who would benefit from a victory or be harmed by a loss in the litigation. As defendant sees the issue here, its directors and officers [*9] actually manage the defendant and this litigation and are comparable to the trustees in *Navarro Savings*. (Defendant has not provided any direct explanation of where losses would fall. It points out that its owners are all protected from direct liability for the defendant's debts.)

The Supreme Court's opinion in *Navarro Savings* relied on the long line of precedents dealing with trusts, and expressly rejected the defendant's effort to rely on the rules applicable to business entities such as partnerships. "The Court never has analogized express trusts to business entities for purposes of diversity jurisdiction." 446 U.S. at 463 n. 10. In other words, this court could extend the reasoning of *Navarro Savings* to this case only by disregarding the *Navarro Savings* Court's own cautions about the limits of its reasoning (and by failing to follow the cases cited above).

In fact, the Supreme Court itself has already rejected such an extension of *Navarro Savings* in the limited partnership case that actually controls here, *Carden v. Arkoma Associates*. The Court explained in *Carden* that *Navarro Savings* depended on the line of trustee cases stretching [*10] more than 150 years. 494 U.S. at 191. The Court expressly rejected the analogy offered here: "that, just as business reality is taken into account for purposes of determining whether a trustee is the real party to the controversy, so also it should be taken into account for purposes of determining whether an artificial entity is a citizen. That argument is, to put it mildly, less than compelling." *Id. at 192*. The Court added two pages later that *Navarro Savings* was "irrelevant" to

the limited partnership issue, "since it involved not a juridical person but the distinctive common-law institution of trustees." *Id.* at 194.

Recognizing that the states are continuously creating new legal forms for businesses, the *Carden* Court gave explicit guidance to litigants and lower courts as they confront "a wide assortment of artificial entities possessing different powers and characteristics, and composed of various classes of members with varying degrees of interest and control." *494 U.S. at 197.* Before limited liability companies became so popular a vehicle as they are now, the Court warned:

> Which of them is entitled to be considered [*11] a "citizen" for diversity purposes, and which of their members' citizenship is to be consulted, are questions more readily resolved by legislative prescription than by legal reasoning, and questions whose complexity is particularly unwelcome at the threshold stage of determining whether a court has jurisdiction. We have long since decided that, having established special treatment for corporations, we will leave the rest to Congress; we adhere to that decision.

*Id.* That lesson applies directly to cases dealing with limited liability companies. [1]

> 1   The *Carden* Court recognized that its decisions in this field "can validly be characterized as technical, precedent-bound, and unresponsive to policy considerations raised by the changing realities of business organization." *494 U.S. at 196.* The Court chose to risk that criticism for the benefits of a relatively sharp and bright line, as it had in previous cases dealing with labor unions, and left further innovations to Congress.

The court [*12] recognizes that defendant has offered respectable arguments for a different approach, one that has garnered several votes on the Supreme Court in *Carden*, for example. The approach taken by the Supreme Court majority and Seventh Circuit, however, is controlling here. The

controlling approach also has the virtue of giving parties and courts clear lines to apply, so they can determine relatively quickly and cheaply at the beginning of the case whether it belongs in federal court. "Jurisdiction should be as self-regulated as breathing; . . . litigation over whether the case is in the right court is essentially a waste of time and resources." David P. Currie, *The Federal Courts and the American Law Institute, Part I,* 36 U. Chi. L. Rev. 1, 1 (1968), quoted in *Navarro Savings Ass'n v. Lee, 446 U.S. at 464 n.13.* The approach advocated by defendant in this case would turn the threshold jurisdictional inquiry in limited liability company and limited partnership cases into a factual and legal wilderness. Under that approach, the court would be required to try to gauge the degree of myriad investors' control and risk, against standards that cannot presently be [*13] determined. That sterile inquiry would not serve any important purpose in terms of the role of diversity jurisdiction. The uncertain results would also pose a continuing threat to plaintiffs who did not want to litigate in federal courts in the first place. Under defendant's approach, a judgment in favor of a plaintiff would remain highly vulnerable to a jurisdictional challenge on appeal, even at the instance of the party who removed the cases in the first place. These are costs and uncertainties that are not needed and not dictated by law.

One final issue must be addressed. Defendant submitted its second amended notices of removal with motions to keep them sealed. Its motions to seal these documents assert that they contain private business information. The information in question is the list of partners in the seven limited partnerships, along with their respective ownership percentages. Defendant has made no showing that the information would amount to a protected trade secret -- *i.e.*, that it derives independent economic value from not being generally known to or ascertainable by other persons who could obtain economic value from disclosure or use. See *Ind. Code § 24-2-3-2* [*14] (definition from Indiana's adoption of Uniform Trade Secrets Act). The court assumes that the defendant and its investors might prefer to keep the information confidential. As the Seventh Circuit has commented, "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these

things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 547 (7th Cir. 2002)*, citing *Union Oil Co. of California v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000)*.

The dispositive documents in a court become part of the public record unless they fall into just a handful of categories: genuine trade secrets, legally privileged information, and information required by statute to be kept confidential. *Baxter Int'l, Inc., 297 F.3d at 546.* In this case, defendant and its investors have presented information to a public court that issues public decisions. They have done so in an attempt to persuade the court to accept jurisdiction of these cases against defendant. See generally *Union Oil Co. of California, 220 F.3d at 568 (7th Cir. 2000)* [*15] (explaining importance of public access to court records, and stating that only genuine trade secrets or information required by law to be kept confidential may be held in "long-term confidence" when filed with courts); *Citizens First National Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999)* (vacating overly broad order sealing portions of record). The idea that the citizenships of the persons and entities relevant to the court's very jurisdiction should be kept confi-

dential has no support. And the Seventh Circuit has cautioned against trying to keep such information secret: "To determine the citizenship of the Edward Darman Company Limited Partnership, we need to know the name and citizenship(s) of its general and limited partners." *Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996).* Accord, *Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006)* ("A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships."). Accordingly, the defendant's motions to file the amended notices of removal under seal are hereby denied.

[*16] The amended notices of removal in both cases shall be removed from seal, and both cases shall be remanded to the Marion Superior Court from which they were removed.

So ordered.

Date: September 8, 2006

DAVID F. HAMILTON, JUDGE

United States District Court

Southern District of Indiana

**EXHIBIT E**

LEXSEE 2006 US DIST LEXIS 40061

## ALVARADO MASION, JR. versus LIBERTY MUTUAL INSURANCE COMPANY, ET AL.

### CIVIL ACTION NO. 06-1008

### UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION

*2006 U.S. Dist. LEXIS 40061*

**June 16, 2006, Decided**
**June 16, 2006, Filed**

**COUNSEL:** [*1] For Alvarado Masion, Jr, Plaintiff: Frank J D'Amico, Jr, Law Office of Frank J D'Amico Jr, New Orleans, LA.

For Liberty Mutual Insurance Co, Genesis Crude Oil L P, Ryder Truck Rental Inc, Defendants: Milton Caldwell Roberts, Jr, Mayer Smith & Roberts, Shreveport, LA.

**JUDGES:** MARK L. HORNSBY, UNITED STATES MAGISTRATE JUDGE. JUDGE HICKS.

**OPINION BY:** MARK L. HORNSBY

## OPINION

### *MEMORANDUM ORDER*

Plaintiff filed a personal injury suit in state court, and three of the defendants filed a notice of removal based on an assertion of diversity jurisdiction. Plaintiff is alleged to be a citizen of Louisiana. The notice of removal specifically alleges the citizenship of an individual defendant and two corporate defendants. None of those three defendants share Plaintiff's Louisiana citizenship.

There is a question, however, regarding the citizenship of a fourth defendant: Genesis Crude Oil, L.P. The notice of removal asserts that Genesis is a limited partnership whose partners are Genesis Energy, Inc. (a Delaware corporation with its principal place of business in Texas) and Genesis Energy,

L.P. The partners in Genesis Energy, L.P. are general partner Genesis Energy, Inc. and an unknown number of [*2] limited partners who purchased their interests through the American Stock Exchange. Defendants represent that Genesis Energy, L.P. is not a typical partnership but is a publicly traded legal entity whose investors are akin to shareholders and whose identities constantly change based on public transactions. Defendants urge, therefore, that Genesis Energy, L.P. be deemed a citizen of the State of Delaware (presumably the state under whose laws the entity was formed) and Texas (where the entity allegedly has its principal place of business).

This court has an obligation to examine the basis for its subject matter jurisdiction. The Supreme Court held in *Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L. Ed. 2d 157 (1990)* that diversity of citizenship when a limited partnership is a party must consider the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. Although the Supreme Court has not addressed the issue of multi-tiered partnerships or other unincorporated associations, the lower courts have consistently held that when partners or members are themselves entities or associations, the citizenship must [*3] be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. *See, e.g. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002)* and

*Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346 (7th Cir. 2006)* (court "needs to know each member's citizenship, and if necessary each member's members' citizenships").

Tracing the layers of citizenship is often complex in multi-tiered entities, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities. The courts have also declined to accept a different rule for limited partnerships which have thousands of limited partners who acquired their interest through public trading. *See Watkins v. Terminix Int'l Co. Ltd. Pshp., 976 F.Supp. 1397 (D. Kan. 1997)* (lower level partnership had a number of limited partners who were public investors who acquired shares through the New York Stock Exchange and whose identity changed every day; case remanded for lack of diversity); *Magnolia Management Corp. v. Quest Rescue Partners - 8, L.P., 792 F.Supp. 45 (S. D. Miss. 1992)* [*4] (two-tiered limited partnership that included a partner that was a limited partnership whose more than 3,000 limited partners acquired their interest on the American Stock Exchange shared citizenship of every one of those investors); *Cerberus Partners, L.P. v. Gadsby & Hannah, 976 F.Supp. 119 (D. R.I. 1997)* (citizenship of non-diverse members of a third-tiered entity had to be considered despite their minuscule ownership interest). Similar decisions are cited within those decisions.

Defendants have not cited any authority that supports a different approach. To ensure the presence of diversity jurisdiction and avoid remand, Defendants must file an **Amended Notice of Removal** by **July 14, 2006** that identifies all relevant partners or members and specifically alleges the citizenship of each. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996)*; Wright, Miller & Cooper, *Federal Practice and Procedure Jurisdiction 3d* § 3723 at n. 15.

Defendants make an alternative argument in their notice [*5] of removal that Genesis Crude Oil, L.P. was improperly or fraudulently joined because it is not the employer of the individual defendant. If Defendants are unable to establish by an amended notice of removal that Genesis Crude Oil, L.P. is diverse in citizenship from the Louisiana plaintiff, the fraudulent joinder issue will remain for resolution. Plaintiff's petition squarely alleges that the individual tortfeasor was acting in the course and scope of his employment with Genesis Crude Oil, L.P. at the time of the accident, so the improper joinder plea probably cannot succeed unless the defendants pierce the pleadings and demonstrate that the allegation is wrong. *See Guillory v. PPG Industries, Inc., 434 F.3d 303 (5th Cir. 2005)*(setting forth relevant rules and standards for testing the plea). The parties are hereby granted leave of court to commence discovery with respect to the fraudulent joinder issue raised in paragraph 4 of the notice of removal so that, if necessary, the fraudulent joinder issue may be tested and resolved in an early stage of this litigation.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 16th day of June, 2006.

MARK L. HORNSBY

UNITED [*6] STATES MAGISTRATE JUDGE

EXHIBIT F

LEXSEE 2007 US DIST LEXIS 5789

**FRANK SCOTT MORAN, ET AL. versus GULF SOUTH PIPELINE CO., L.P.**

**CIVIL ACTION NO. 06-2269**

**UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA, SHREVEPORT DIVISION**

*2007 U.S. Dist. LEXIS 5789*

**January 25, 2007, Decided**
**January 25, 2007, Filed**

**PRIOR HISTORY:** *Moran v. Gulf S. Pipeline Co., L.P., 2006 U.S. Dist. LEXIS 88295 (W.D. La., Dec. 4, 2006)*

**COUNSEL:** [*1] For Frank Scott Moran, Moran Oil Company Inc, Plaintiffs: Robert A Jahnke, LEAD ATTORNEY, Shreveport, LA.

For Gulf South Pipeline Co L P, Defendant: Robert T Myers, LEAD ATTORNEY, Robert J Young, III, Young Richaud & Myers, Metairie, LA.

**JUDGES:** MARK L. HORNSBY, UNITED STATES MAGISTRATE JUDGE. JUDGE HICKS.

**OPINION BY:** MARK L. HORNSBY

**OPINION**

**MEMORANDUM ORDER**

Gulf South Pipeline Company, L.P. ("Gulf South") removed this case based on an assertion of diversity jurisdiction. The court ordered Gulf South to file an amended notice of removal to plead with specificity the citizenship of the parties under the applicable rules for corporations, partnerships and other entities. See Doc. 6.

Gulf South responded to the order by filing a Supplemental Notice of Removal (Doc. 10). It alleges that Plaintiff Frank Moran is a citizen of Louisiana and that Plaintiff Moran Oil Company, Inc. is

incorporated in and has its principal place of business in Louisiana. Gulf South, a limited partnership, begins the description of its citizenship by stating that it has two "parent" partners, an L.L.C. and another limited partnership. The "parent" description is used in subsequent layers of ownership, but the term [*2] is not defined and implies that there are other partners or members that have not been disclosed.

One of the parent partners in Gulf South is Boardwalk Pipelines, L.P. That limited partnership is said to have two parent partners, one of which is a Boardwalk Pipeline Partners, L.P. The Supplemental Notice of Removal states in footnote 7 and the attached affidavit from general counsel for Gulf South that Boardwalk Pipeline Partners, L.P. sold 15,000,000 common units pursuant to an initial public offering in 2005. There are now more than 100,000,000 outstanding public units, of which 21,000,000 are publicly traded and the others are owned by Loew's Corporation. Gulf South does not address what effect these publicly traded interests have on citizenship and diversity jurisdiction.

Tracing the layers of citizenship is often complex in multi-tiered entities such as Gulf South, but the difficulty of the task has not persuaded the courts to afford different treatment to multi-tiered entities. The courts have also declined to accept a different rule for limited partnerships which have thousands of limited partners who acquired their interest through public trading. *See Watkins v. Ter-*

*minix International Company, L.P., 976 F.Supp. 1397 (D. Kan. 1997)* [*3] (lower level partnership had a number of limited partners who were public investors who acquired shares through the New York Stock Exchange and whose identity changed every day; case remanded for lack of diversity); *Magnolia Management Corp. v. Quest Rescue Partners-8, L.P., 792 F.Supp. 45 (S. D. Miss. 1992)* (two-tiered limited partnership that included a partner that was a limited partnership whose more than 3,000 limited partners acquired their interest on the American Stock Exchange shared citizenship of every one of those investors); *Cerberus Partners, L.P. v. Gadsby & Hannah, 976 F.Supp. 119 (D. R.I. 1997)* (citizenship of non-diverse members of a third-tiered entity had to be considered despite their minuscule ownership interest). Similar decisions are cited within those decisions, and the undersigned has followed their rationale in *Masion v. Liberty Mut. Ins. Co., 2006 U.S. Dist. LEXIS 40061, 2006 WL 1675378 (W.D. La. 2006).*

Gulf South has not cited any authority that supports a different approach in this case. To ensure the presence of diversity jurisdiction and avoid remand, Gulf South must file another **Amended Notice of Removal** by **February 12, 2007** [*4] that identifies all relevant partners or members of the relevant entities and specifically alleges the citizenship of each. There are two points in time where citizenship is critical and must be described. "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996)*; Wright, Miller & Cooper, *Federal Practice and Procedure Jurisdiction 3d* § 3723 at n. 15. When publicly traded interests are at issue, there could easily be many changes in citizenship between those two times.

If Gulf South is unable or unwilling to file such an amended notice of removal, it may file a memorandum, by the same **February 12, 2007** deadline, presenting any argument as to why a remand would not be required based on an inability to establish diversity of citizenship. If Gulf South concedes that it can not satisfy its burden of establishing diversity, it should notify the court in writing by that same date.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 25th day of January, 2007.

MARK L. HORNSBY

UNITED STATES MAGISTRATE JUDGE

**EXHIBIT G**

LEXSEE 2007 US DIST LEXIS 32287

**JOHN LEWIS dba JOHN LEWIS GLASS, Plaintiff, -against- ALLIED BRONZE LLC, a New York limited liability company, Defendant.**

**07 Civ. 1621 (BMC)**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

*2007 U.S. Dist. LEXIS 32287*

**May 2, 2007, Decided**
**May 2, 2007, Filed**

**COUNSEL:** [*1] For John Lewis doing business as John Lewis Glass, Plaintiff: Benjamin M. Pinczewski, LEAD ATTORNEY, Law Offices of Benjamin M. Pinczewski, P.C., Brooklyn, NY.

**JUDGES:** Brian M. Cogan, U.S.D.J.

**OPINION BY:** Brian M. Cogan

**OPINION**

**MEMORANDUM AND ORDER DISMISSING ACTION**

COGAN, District Judge.

By Order dated April 19, 2007, this Court directed plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. The complaint improperly alleged diversity of citizenship, stating that plaintiff is a citizen of California and that defendant is a "limited liability company organized and existing under the laws of the State of New York with its principal place of business in the State of New York, Queens County." The Order to Show Cause advised plaintiff that the citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members. See *Handelsman v. Bedford Village Associates Ltd. Partnership, 213 F.3d 48 (2d Cir. 2000)*; *Jawbone LLC v.*

*Donohue, No. 01 CIV. 8066, 2002 U.S. Dist. LEXIS 11806, 2002 WL 1424587 (S.D.N.Y. Jun. 28, 2002).*

Plaintiff [*2] concedes the failure to invoke this Court's diversity jurisdiction and seeks an extension of 30 days to contact defendant's counsel and obtain additional facts that might enable him to cure the deficiency. Plaintiff apparently has learned from defendant's counsel that defendant is a Delaware limited liability company. He has a representation from defendant's counsel, he asserts, that defendant's sole member is a Delaware limited partnership bearing some connection with the Permasteelisa group of companies. He has asked defendant's counsel for the "domicile" (his word) of each of the partners of Permasteelisa. Plaintiff further asserts that

> [i]f any of the partners of Permasteelisa are domiciled in the State of New York, plaintiff will appropriately amend the complaint to properly allege that domicile in order to properly allege facts supporting personal jurisdiction. If none of the partners of Permasteelisa are New York domiciliaries, plaintiff will dismiss the complaint.

Plaintiff's counsel continues to misunderstand his problem. Subject matter jurisdiction has nothing to do with whether any Permasteelisa partners are

2007 U.S. Dist. LEXIS 32287, *

domiciled in New York. That fact might or might [*3] not affect personal jurisdiction, but it is irrelevant to subject matter jurisdiction.

Rather, assuming plaintiff's informal advice from defendant's counsel is correct (and plaintiff has no verification of that), plaintiff has to allege the citizenship of each of the members of this defendant. If the members of this defendant are general or limited partnerships, then each of their general and limited partners' citizenship must be set forth in the complaint. If those general or limited partners are themselves general or limited partnerships, then plaintiff must in turn allege citizenship as to each of those second-tier partners. This process continues up the chain of ownership until plaintiff has defined the citizenship of every individual and corporation that has a direct or indirect equitable interest in this defendant. Subject matter jurisdiction could be found to exist only if, upon setting forth these allegations, none of these top-tier individuals or corporations is a California citizen, as is plaintiff. Whether any of them are New York citizens is irrelevant for subject matter jurisdiction purposes.

Because of the need to allege ultimate ownership, it is often not easy to invoke [*4] diversity jurisdiction over a limited liability company or a limited partnership. That is especially true if the entity is very substantial, as is the case with the Permasteelisa group, as to which the Court can take judicial notice that it is a very substantial international company with both nationwide and worldwide operations carried on through numerous entities. State laws generally do not require disclosure of members of limited liability companies or limited partners of limited partnerships, and public records therefore rarely contain the type of ownership information that is required to allege diversity jurisdiction.

This Court has an obligation to consider its subject matter jurisdiction *sua sponte*. See *Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006).* If plaintiff has a good faith basis for alleging diversity and there is merely a technical deficiency in the complaint, this Court could consider allowing an opportunity for plaintiff's counsel to do additional research. Here, however, plaintiff's complaint and response to the Order to Show Cause show that plaintiff has no basis for alleging diversity, and that

his counsel continues to misunderstand the [*5] rules governing its application. Reliance on potential informal advice from defendant's counsel is not an adequate ground for this Court to maintain a case over which it has no subject matter jurisdiction as defense counsel has no obligation to provide such information and may be unable or unwilling to do so. Moreover, there is no way to predict that such information would support subject matter jurisdiction.

Under these circumstances, dismissal is appropriate. It is not the province of this Court to hear an action over which it has no subject matter jurisdiction in the hope that if plaintiff's counsel does the work he should have done before commencing it, perhaps jurisdiction will be found. As the Seventh Circuit held in *Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692-93 (7th Cir. 2003):*

> Once again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money ... Counsel tells us that, because the lease between Belleville Catering and Champaign Market Place refers to Belleville Catering as "a Missouri corporation," he assumed that it must be one. That confesses a violation of *Fed.R.Civ.P. 11* [*6] ... [C]ounsel must secure jurisdictional details from original sources before making formal allegations.

Plaintiff will not be prejudiced by the dismissal of this action. He can refile it if he learns facts demonstrating subject matter jurisdiction, and the state courts of New York are well able to resolve it if he is not.

This case is therefore dismissed.

**SO ORDERED.**

Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York

May 2, 2007

**EXHIBIT H**

LEXSEE 2006 U.S. DIST. LEXIS 30630

**DAY VILLAGE LIMITED PARTNERSHIP, Plaintiff, -v- CW CAPITAL, LLC, Defendant.**

**No. 06 Civ. 3424 (LTS)(HBP)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2006 U.S. Dist. LEXIS 30630*

**May 11, 2006, Decided**
**May 11, 2006, Filed**

**SUBSEQUENT HISTORY:** Motion denied by, Transfer denied by *Day Vill. L.P. v. CW Capital L.L.C, 2006 U.S. Dist. LEXIS 63715 (S.D.N.Y., Sept. 6, 2006)*

**COUNSEL:** [*1] For Day Village Limited Partnership, Plaintiff: Richard Lionel Zucker, Lasser Hochman, L.L.C., Roseland, NJ.

**JUDGES:** LAURA TAYLOR SWAIN, United States District Judge.

**OPINION BY:** LAURA TAYLOR SWAIN

**OPINION**

**ORDER**

WHEREAS, this action was commenced by the filing of a Complaint on May 3, 2006; and

WHEREAS, the Court has reviewed such Complaint to ascertain the basis for assertion of subject matter jurisdiction in this court; and

WHEREAS, such Complaint asserts that the Court has jurisdiction based on diversity of citizenship (*28 U.S.C. § 1332*), but fails to allege the citizenship of the members of Defendant CW Capital, LLC; and

WHEREAS, for purposes of diversity jurisdiction, the citizenship of an artificial business entity other than a corporation is determined by reference to the citizenship of its members, see *C.T. Carden v. Arkoma Associates, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990); E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925 (2d Cir. 1998); Keith v. Black Diamond Advisors, Inc., 48 F. Supp. 2d 326 (S.D.N.Y. 1999)* and

WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of [*2] federal judicial power,'" *E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998)* (citation omitted), and *Rule 12(h)(3) of the Federal Rules of Civil Procedure* provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action;" it is hereby

ORDERED, that plaintiff shall, no later than May 18, 2006, file and serve a Supplement to the Complaint containing allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.

Dated: New York, New York

May 11, 2006

LAURA TAYLOR SWAIN

United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
BUSHIDO CAPITAL MASTER FUND,                    :
L.P., BCMF TRUSTEES, L.L.C.,

                                                :
                        Plaintiffs,
                                                :        08 Civ. 0146 (LTS)
        -against-
                                                :        AFFIDAVIT OF SERVICE
BIONUTRICS, INC.,                               :

                        Defendant.              :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STATE OF NEW YORK      )
                       )     ss.:
COUNTY OF NEW YORK     )

YESENIA ZEA, being duly sworn, hereby deposes and says:

        1.      I am over eighteen years of age, not a party to this action and reside in Queens,

New York.

        2.      On April 4, 2008, I served one copy of the annexed DEFENDANT'S

MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, by depositing the

same, enclosed in a securely sealed first class postage paid envelope, in an official depository

under the exclusive care and custody of the United States Postal Service within the State of New

York addressed to:

        Crowell & Moring LLP
        Attorneys for Plaintiffs
        Attn.: Peter R. Ginsberg
        153 East 53rd Street, 31st Floor
        New York, New York 10022                        _____
        Telephone: (212) 223-4000                               Yesenia Zea

Sworn to before me this
4th day of April, 2008

_____
        Notary Public
                Jill H. Teitel
                Notary Public, State of New York
                Registration #02TE5069470
                Qualified in Kings County
                My Commission Expires Nov. 25, 2010